UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. CONDON, | ) | Case No. 3:19-cv-02570 |
| Plaintiff, | ) | JUDGE ZOUHARY |
| -vs- | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff, Christopher A. Condon ("Condon" or "Plaintiff"), seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). This matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). For the reasons set forth below, it is RECOMMENDED that the Court REMAND this case to the Commissioner for a new hearing before an ALJ other than the ALJ who presided over the original hearing.

Plaintiff asserts that remand is required because the ALJ was not appointed under the Constitution and, therefore, lacked the legal authority to hear and decide his case. The Commissioner does not contest the merits of Condon's Appointments Clause challenge; rather, the Commissioner argues that Condon forfeited review of the issue by failing to raise it during his administrative hearing. The matter was fully briefed on June 8, 2020.

The Supreme Court in *Lucia v. Securities & Exchange Commission*, 138 S. Ct. 2044, 2055 (2018) ruled that the ALJs of the Securities and Exchange Commission had not been appointed in a constitutionally legitimate manner and that remand for de novo review before a different ALJ was required. In anticipation of similar challenges to decisions of Social Security ALJs, the Acting Commissioner of Social Security ratified the appointments of all Social Security ALJs on July 16, 2018. *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 544 (6th Cir. Sept. 1, 2020). The ALJ in this case entered his decision on June 4, 2018, before the reappointment.

In September 2020, the Sixth Circuit addressed whether a group of claimants had waived challenges to the constitutional legitimacy of the ALJs by failing to assert those challenges during the administrative proceedings in those cases. *Ramsey*, 973 F.3d at 547. The Court ruled that the appellants had not waived those challenges. *Id*. The Court recognized a circuit split and specifically relied upon *Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020), in reaching its conclusion:

> Although we are presented with an issue not yet addressed in this circuit, three other circuits have recently considered this precise issue. In *Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020), the Third Circuit held that issue exhaustion of an Appointments Clause challenge is not required in Social Security proceedings. *Id.* at 159. Recently, the Tenth and Eighth Circuits disagreed with *Cirko* in *Carr v. Commissioner of Social Security*, 961 F.3d 1267 (10th Cir. 2020), and *Davis v. Commissioner of Social Security*, 963 F.3d 790 (8th Cir. 2020). We find *Cirko* to be the best reasoned and most persuasive opinion, and we agree with *Cirko* that exhaustion of Appointments Clause challenges in this particular administrative scheme is not required.

*Ramsey*, 973 F.3d at 544; *Boisselle v. Comm'r of Soc. Sec.*, No. 3:19-CV-02522, 2020 WL 5849360 (N.D. Ohio Sept. 30, 2020); *Johnson v. Comm'r of Soc. Sec.*, No. 1:19-CV-01752, 2020 WL 5849367 (N.D. Ohio Sept. 30, 2020); *Russell v. Comm'r of Soc. Sec.*, No. 3:19-CV-01934,

2020 WL 5849369 (N.D. Ohio Sept. 30, 2020); *see also Deffinger v. Comm'r of Soc. Sec.*, No. 1:18-CV-258, 2020 WL 5247937, at *1, n.1 (S.D. Ohio Sept. 3, 2020).

Condon, like the claimants in *Ramsey*, had his claim denied by an ALJ appointed in a non-legitimate manner. Consistent with the Sixth Circuit's decision in *Ramsey*, it is recommended that this matter be remanded to the Social Security Administration for a new hearing before an ALJ other than the ALJ who presided over the original hearing.[1]

DATED: 11/03/2020

    *Carmen E. Henderson*
    Carmen E. Henderson
    United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas* v. *Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

---

[1] In *Ramsey*, the Commissioner moved for an extension of time until November 30, 2020, to petition for *en banc* review. (Case No. 19-1579, Docket Entry #60, 62). Claimants contest that request and the motion remains pending. (Case No. 19-1579, Docket Entry #61). Regardless, the Commissioner did not seek a stay in the instant matter.